UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| CROSS COUNTRY HOME SERVICES, INC.,<br><br>           Plaintiff,<br><br>v.<br><br>THS GROUP LLC D/B/A TOTAL HOME PROTECTION,<br><br>           Defendant. | COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION<br><br><br>Civil Action No.<br><br>**JURY TRIAL REQUESTED** |

1.      Plaintiff Cross Country Home Services, Inc. (hereinafter, "Cross Country Home Services") files this Complaint for trademark infringement and unfair competition pursuant to the Lanham Act, 15 U.S.C. §1051 et seq., and for trademark infringement under F.S.A. §495.131 and unfair competition under F.S.A. §501.201 et seq.  Cross Country Home Services alleges as follows:

**PARTIES**

2.      Cross Country Home Services is a Delaware corporation with its principal place of business at 1625 NW 136th Avenue, Suite 200, Fort Lauderdale, Florida 33323.

3.      Upon information and belief, THS Group, LLC d/b/a Total Home Protection (hereinafter "THS") is a Pennsylvania limited liability company whose principal place of business is at 295 Pierson Avenue, Suite 104, Edison, New Jersey 08837.

4.      Upon information and belief, THS markets, sells and provides services in the State of Florida.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in this Court because this action arises under federal law, namely, 15 U.S.C. §1051 et seq. (the "Lanham Act").  This Court has jurisdiction over this action under 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1338 (trademark, unfair competition).  This Court has supplemental subject matter jurisdiction over all state law claims, including claims arising under Florida's trademark infringement and unfair competition laws, pursuant to 28 U.S.C. §1367.

6.      This Court has personal jurisdiction over THS because THS, upon information and belief, conducts business in the State of Florida and within this district, including offering, selling and providing services in Florida, and the primary injury inflicted on Cross Country Home Services by THS occurred within the State of Florida.

7.      Venue is proper in this district under 28 U.S.C. §§1391(b) and 1391(c).

## FACTS

8.      Cross Country Home Services has been engaged in the business of administering various home protection and repair warranty as well as services since 1988.

9.      Cross Country Home Services owns U.S. Trademark Registration No. 2,265,347 for the mark **TOTALPROTECT**, registered on July 27, 1999 for the services "providing extended warranty or service contracts in the field of home heating, cooling, ventilation, electrical and plumbing systems, and on home appliances."

10.     Cross Country Home Services also owns U.S. Trademark Registration No. 2,750,666 for the mark **HOME PROTECT**, registered on August 12, 2003 for the services

"providing extended warranty or service contracts in the field of home heating, cooling, ventilation, electrical and plumbing systems, and on home appliances"

11. The Cross Country Home Services Marks TOTALPROTECT and HOME PROTECT, are hereinafter referenced collectively as, the "Cross Country Marks". The U.S. registrations for the Cross Country Marks are in full force and effect and are incontestable. Copies of the certificates of registrations for the Cross Country Marks are attached to this Complaint as **Exhibits A and B**.

12. Cross Country Home Services owns all right, title and interest in and to the Cross Country Marks at common law as well.

13. Cross Country Home Services has continuously used the Cross Country Marks in the advertising, marketing, and business of administering home protection and repair warranty and services at all times on and after its first use and including at all times following registrations).

14. THS offers nearly identical services to those of Cross Country Home Services in identical or overlapping channels of trade under and in connection with the mark **TOTAL HOME PROTECTION**, in word and stylized format (hereinafter, the "THS Marks"). More particularly, THS's use of the TOTAL HOME PROTECTION mark is exemplified in THS's advertising and marketing materials, which further display the following use of the mark TOTAL HOME PROTECTION in a stylized form:



15. THS maintains a website at https://www.totalhomeprotection.com ("THS Website").

16. THS prominently displays the THS Marks on the THS Website.

17. THS solicits customers across the country, including customers residing in the State of Florida, for its services from the THS Website. For example, on the THS Website, a webpage allows potential customers to obtain a quote from THS (https://totalhomeprotectionquote.com/#!), and includes a drop-down menu under the heading "Property Information" that includes "Florida." Blocked out from that drop-down menu are the States of New York, Nevada, and Washington. Upon information and belief, the blocking out of those states indicates that THS will not provide services to those states, but does offer and will provides services in the remaining states, including Florida.

18. Upon information and belief, THS enters into contracts with home owners that are residents of Florida to provide warranty services.

19. In promoting these warranty services in Florida, THS uses the THS Marks.

20. Upon information and belief, THS enters into contracts for services with other service providers in Florida (e.g., companies or individuals that provide warranty services on THS's behalf).

21. THS's activities under the THS Marks occurred notwithstanding THS's knowledge of the longtime use, ownership, and registration of the Cross Country Marks.

22. On January 6, 2017, Cross Country Home Services became aware of THS's activities concerning the use of the THS Marks. A competitor of Cross Country Home Services reported: "Total Home Shield has changed their name to Total Home Protection because American Home Shield threatened them - http://www.totalhomeprotection.com/. Now this is even more of a play on your brand."

23. On January 10, 2017, Cross Country Home Services sent a cease and desist letter to THS, asserting infringement of Cross Country Home Services' registered **TOTALPROTECT** and **HOME PROTECT** marks for home warranties and service plan contracts in the fields of home heating, cooling, ventilation, electrical and plumbing systems, and home appliances. Although Cross Country Home Services received confirmation of delivery of the letter (sent via certified mail), THS failed to respond.

24. On January 31, 2017, after finding alternative contact information for THS, namely David and Ronald Seruya, Cross Country Home Services sent updated cease and desist letters.

25. On February 10, 2017, Cross Country Home Services received a response from THS, refusing to cease use of the THS Marks.

26. Also on February 10, 2017, THS applied to register the THS Mark **TOTAL HOME PROTECTION** & Design:



for "extended warranty services, namely, service contracts; providing extended warranties on home appliances, home heating and cooling systems, home plumbing systems." However, upon information and belief, THS attempted to circumvent any allegation of infringement of the Cross Country Marks by disclaiming in the originally filed application the entire word element of THS's stylized mark (i.e., **TOTAL HOME PROTECTION**). The THS Mark was registered on September 26, 2017 as U.S. Trademark Registration No. 5,295,648, a copy of which is attached to this Complaint as **Exhibit C.**

27. Cross Country Home Services has become aware of various instances of actual confusion between Cross Country Home Services and THS resulting from THS's infringing use of the THS Marks.

28. On October 4, 2017, the Bureau of Insurance for the Commonwealth of Virginia inquired with HomeSure of America, Inc. ("HomeSure"), Cross Country Home Services' affiliate, whether "Total Home Protection" (i.e., THS) is associated with HomeSure and Cross Country Home Services, as a result over an apparent dispute of a service agreement between THS and a consumer. Cross Country Home Services advised the Virginia Bureau of Insurance that the complaining party was not its or HomeSure's customer.

29. A Texas Real Estate Commission (TREC) Complaint Form was submitted with TREC on February 27, 2018 by a consumer against Total Home Protection (i.e., THS). On February 28, 2018, TREC sent a letter to HomeSure advising of the complaint. On March 1, 2018, Cross Country Home Services advised TREC that this complaint was directed towards THS, not towards Cross Country Home Services or HomeSure.

30. A similar scenario with TREC occurred on July 11, 2018 and July 26, 2018, when TREC advised HomeSure of a complaint filed by another consumer against Total Home Protection (i.e., THS). On August 1, 2018, Cross Country Home Services again advised TREC that this complaint was directed towards THS, not towards Cross Country Home Services.

31. In or about June, 2018, a consumer filed a complaint against Total Home Protection (THS) with the Office of Attorney General for the State of Florida, which mailed a copy of the complaint to HomeSure. On June 26, 2018, HomeSure advised the Florida Attorney General Office that HomeSure is not Total Home Protection (THS) and that confusion between THS and Cross Country Home Services has occurred.

## COUNT I

### (Trademark Infringement under 15 U.S.C. § 1114)

32. Cross Country Home Services repeats and realleges paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. Cross Country Home Services owns United States Registration number 2,265,347 for the mark **TOTALPROTECT**.

34. THS uses colorable imitations of Cross Country Home Services' **TOTALPROTECT** mark in commerce as its trademark, and in association with its sale, provision, and advertisement of services similar or identical to the types of services sold by Cross Country Home Services under Cross Country Home Services' **TOTALPROTECT** mark.

35. THS's use of the THS Marks is without permission by Cross Country Home Services and has caused confusion, and is likely to cause, confusion or mistake or to deceive. THS is therefore liable to Cross Country Home Services for trademark infringement under 15 U.S.C. § 1114.

36. Such use of the THS Marks by THS is knowing and willful and with the intent to trade off the goodwill established by Cross Country Home Services in its **TOTALPROTECT** mark.

37. Cross Country Home Services has been damaged by such conduct in an amount to be determined at trial.

38. Unless enjoined, THS's behavior will continue and will cause Cross Country Home Services to suffer irreparable harm for which there is no adequate remedy at law.

Therefore, Cross Country Home Services is entitled to injunctive relief. It is also entitled to damages for the infringement.

## COUNT II

### (False Designation of Origin under 15 U.S.C. § 1125(a))

39. Cross Country Home Services repeats and realleges paragraphs 1 through 37 of the Complaint as if fully set forth herein.

40. Cross Country Home Services' **TOTALPROTECT** mark is recognized for quality in the home service repair industry.

41. THS provides its services to a similar, if not identical, class of consumers as Cross Country Home Services in the same areas and channels of trade.

42. THS's use of the THS Mark is confusingly similar to Cross Country Home Services' **TOTALPROTECT** mark and has the effect of associating THS with Cross Country Home Services' **TOTALPROTECT** mark in the minds of the purchasing public and of trading off the goodwill acquired by Cross Country Home Services.

43. THS's actions have caused confusion, and are likely to cause confusion or mistake or to deceive as to affiliation, connection, or association of THS with Cross Country Home Services or as to the origin, sponsorship, or approval of THS's services by Cross Country Home Services, entitling Cross Country Home Services to relief under 15 U.S.C. § 1125(a).

44. Cross Country Home Services has been damaged by such conduct in an amount to be determined at trial.

45. Unless enjoined, THS's behavior will continue and will cause Cross Country Home Services to suffer irreparable harm for which there is no adequate remedy at law.

Therefore, Cross Country Home Services is entitled to injunctive relief. It is also entitled to damages for such false designation of origin.

## COUNT III

### (Trademark Infringement under 15 U.S.C. § 1114)

46. Cross Country Home Services repeats and realleges paragraphs 1 through 37, and 40 through 44 of the Complaint as if fully set forth herein.

47. Cross Country Home Services owns United States Registration number 2,750,666 for the mark **HOME PROTECT**.

48. THS uses colorable imitations of Cross Country Home Services' **HOME PROTECT** mark in commerce as its trademark, and in association with its sale, provision and advertisement of services similar or identical to the types of services sold by Cross Country Home Services under Cross Country Home Services' **HOME PROTECT** mark.

49. THS's use of the THS Marks is without permission by Cross Country Home Services and has caused confusion, and is likely to cause confusion or mistake or to deceive. THS is therefore liable to Cross Country Home Services for infringement under 15 U.S.C. § 1114.

50. Such use of the THS Marks by THS is knowing and willful and with the intent to trade off the goodwill established by Cross Country Home Services in its **HOME PROTECT** mark.

51. Cross Country Home Services has been damaged by such conduct in an amount to be determined at trial.

52. Unless enjoined, THS's behavior will continue and will cause Cross Country Home Services to suffer irreparable harm for which there is no adequate remedy at law. Therefore, Cross Country Home Services is entitled to injunctive relief. It is also entitled to damages for the infringement.

### COUNT IV

### (False Designation of Origin under 15 U.S.C. § 1125(a))

53. Cross Country Home Services repeats and realleges paragraphs 1 through 37, 40 through 44 and 47 through 51 of the Complaint as if fully set forth herein.

54. Cross Country Home Services' **HOME PROTECT** mark is recognized for quality in the home service repair industry.

55. THS provides its services under the THS Marks to a similar, if not identical, class of consumers as Cross Country Home Services in the same areas and in the same channels of trade.

56. THS's use of the THS Marks is confusingly similar to Cross Country Home Services' **HOME PROTECT** mark and has the effect of associating THS with Cross Country Home Services' **HOME PROTECT** mark in the minds of the purchasing public and of trading off the goodwill acquired by Cross Country Home Services.

57. THS's actions have and are likely to cause confusion or mistake, or to deceive as to affiliation, connection, or association of THS with Cross Country Home Services or as to the origin, sponsorship, or approval of THS's goods by Cross Country Home Services, entitling Cross Country Home Services to relief under 15 U.S.C. § 1125(a).

58. Cross Country Home Services has been damaged by such conduct in an amount to be determined at trial.

59. Unless enjoined, THS's behavior will continue and will cause Cross Country Home Services to suffer irreparable harm for which there is no adequate remedy at law. Therefore, Cross Country Home Services is entitled to injunctive relief. It is also entitled to damages for such false designation of origin.

## COUNT V

### (Unfair Competition under F.S.A. 501.201 et seq.)

60. Cross Country Home Services repeats and realleges paragraphs 1 through 37, 40 through 44, 47 through 51 and 54 through 58 of the Complaint as if fully set forth herein.

61. Cross Country Home Services owns all right, title and interest in and to the Cross Country Marks.

62. By the above-described conduct, THS has engaged in unfair competition under the Florida Deceptive and Unfair Trade Practices Act, F.S.A. 501.201 et seq.

63. Cross Country Home Services has been damaged by such conduct in an amount to be determined at trial.

64. Unless enjoined, THS's behavior will continue and will cause Cross Country Home Services to suffer irreparable harm for which there is no adequate remedy at law. Therefore, Cross Country Home Services is entitled to injunctive relief. It is also entitled to damages for such conduct.

## COUNT VI

### (Cyberpiracy under 15 U.S.C. § 1125(d))

65. Cross Country Home Services repeats and realleges paragraphs 1 through 37, 40 through 44, 47 through 51, 54 through 58 and 61 through 63 of the Complaint as if fully set forth herein.

66. By the above-described conduct, THS has illustrated a bad faith intent to profit from the Cross Country Marks.

67. THS has registered, trafficked in, and uses the domain name totalhomeprotection.com.

68. THS's domain name is confusingly similar to Cross Country Home Services' registered Cross Country Marks.

69. Unless the domain name totalhomeprotection.com is transferred to Cross Country Home Services, THS's behavior will continue and will cause Cross Country Home Services to suffer harm.

## COUNT VII

### (Cancellation of U.S. Trademark under 15 U.S.C. § 1119)

70. Cross Country Home Services repeats and realleges paragraphs 1 through 37, 40 through 44, 47 through 51, 54 through 58, 61 through 63 and 66 through 68 of the Complaint as if fully set forth herein.

71. Cross Country has been damaged, and will continue to be damaged, by registration of the THS Mark **TOTAL HOME PROTECTION** & Design, unless this Court acts to cancel U.S. Trademark Registration No. 5,295,648 pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119.

## DEMAND FOR JURY TRIAL

72. Cross Country Home Services demands trial by jury on all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Cross Country Home Services prays for judgment on the claims of its Complaint as follows:

73. That Cross Country Home Services be awarded the relief requested above;

74. That THS, including its subsidiaries, affiliates, officers, directors, employees, and all others acting in concert with each and all of them, be permanently enjoined from using the THS Marks;

75. That THS, including its subsidiaries, affiliates, officers, directors, employees, and all others participating in THS's sales, promotional, advertising, and marketing activities, be directed to deliver up and surrender all promotional, advertising, and marketing materials reflecting the THS Marks;

76. That U.S. Trademark Registration No. 5,295,648 be cancelled;

77. That the domain name totalhomeprotection.com is transferred to Cross Country Home Services;

78. That Cross Country Home Services be awarded compensatory, enhanced, and consequential damages in an amount to be determined at trial;

79. That Cross Country Home Services be awarded its reasonable costs and attorneys' fees; and

80. That such other and further relief be awarded to Cross Country Home Services that may be deemed just, proper, and equitable.

Dated: Tallahassee, Florida
September 20, 2018

        Respectfully submitted,

        **GREENBERG TRAURIG, P.A.**
        101 East College Avenue
        Post Office Drawer 1838
        Tallahassee, Florida 32302
        Phone: (850) 222-6891
        Fax: (850) 681-0207

        */s/ Lorence Jon Bielby*
        **LORENCE JON BIELBY**
        **Fla. Bar No. 0393517**
        Primary:  BielbyL@GTLaw.com
        Secondary:  HoffmanM@GTLaw.com

        *Pending Pro Hac Vice Admission*
        **JOSEPH AGOSTINO**
        **GREENBERG TRAURIG, LLP**
        **NJ Bar No. 018681999**
        500 Campus Drive Suite 400
        Florham Park NJ 07932
        Phone: (973) 360 7900
        Primary:  AgostinoJ@GTLaw.com

        *Attorneys for Plaintiff, Cross Country Home Services, Inc.*

FTL 111820754v4