UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 18-cv-62242- RKA-PMH

CROSS COUNTRY HOME SERVICES, INC.,

        Plaintiff,

v.

THS GROUP LLC D/B/A TOTAL HOME PROTECTION,

        Defendant.

CIVIL ACTION

**UNOPPOSED MOTION TO FILE AN AFFIDAVIT IN SUPPORT OF A MOTION TO EXTEND DISCOVERY DEADLINES, CONTINUE AND RESCHEDULE THE NOVEMBER 12, 2019 TRIAL DATE, ADJOURN THE MEDIATION AND FOR A SIX MONTH EXTENSION OF ALL OTHER DEADLINES UNDER SEAL, AND INCORPORATED MEMORANDUM OF LAW**

Defendant, THS GROUP LLC D/B/A TOTAL HOME PROTECTION ("THS"), on consent of Plaintiff CROSS COUNTRY HOME SERVICES, INC., (hereinafter as the "Plaintiff" or "CCHS") hereby requests, pursuant to S.D. Fla. L.R. 5.4, leave to file the affidavit of David Seruya, Chief Executive Officer of THS, ("Seruya") in support of THS' motion to continue and reschedule the November 12, 2019 Trial Date, extend all discovery deadlines six months, adjourn the Court Ordered July 23, 2019 Mediation before Hon. Herbert Stettin and adjourn all associated other deadlines six months (hereinafter referred to as the "Anticipated Motion".) In support of this Unopposed Motion, Defendant submits:

As will be more fully set forth in the Anticipated Motion, despite of the due diligence of the parties, the parties require additional time to complete discovery. One substantial reason for the need for additional time to complete discovery is the health issues of Seruya, the Chief

Executive Officer of THS. The Affidavit of Seruya will include specific references to his health issues and his course of treatment, and will include, as an attachment, a letter from Seruya's physician, attesting to his health issues and his limited ability to participate in this lawsuit at this time without adverse health effects. As will be more fully set forth in the Anticipated Motion, Seruya is a necessary witness to the instant litigation.

It is hereby submitted that Seruya has a specific right in maintaining the privacy of his health information, as codified, *inter alia*, in the Health Insurance Portability and Accountability Act, 45 CFR § 160 *et seq*. "The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Romero v. Drummond Co., 480 F.3d 1234, 1246 (11th Cir. 2007)(internal citations omitted).

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information.…Decisions less central to merits resolutions implicate lesser right-to-access considerations.

*Id*. (internal citations omitted).

It is clear that all of the above factors strongly weigh in favor of permitting the filing of Seruya's affidavit under seal. Seruya has an extremely strong, recognized privacy right regarding his confidential health information. It is highly unlikely that there will be any appreciable harm to the public. This affidavit details the reasons for a request to extend discovery and a trial date and does not at all implicate the merits of the case. Moreover, Seruya's affidavit in support of the

Anticipated Motion will be made publically available, in redacted form.  The only information that will be withheld is the specific information regarding Seruya's illness and treatment.  Accordingly, the request to file the Seruya's affidavit under seal is extremely narrowly tailored, withholding only that information which includes specific health information on which Seruya has a recognized privacy right.

Pursuant to Local Rule 7.1(a)(2), a proposed Order is attached for the Court's convenience as Exhibit "A," and a copy will be transmitted in Microsoft Word format via electronic mail to Altman@flsd.uscourts.gov, pursuant to Rule 3(I)(6) of the CM/ECF Administrative Procedures of the Southern District of Florida.

WHEREFORE, Defendant THS GROUP LLC D/B/A TOTAL HOME PROTECTION, on consent of Plaintiff CROSS COUNTRY HOME SERVICES, INC., hereby requests that this Court grant this unopposed motion provide leave to electronically file a redacted affidavit of Seruya, while filing the unredacted version with the Court.  It is requested that the unredacted affidavit of Seruya remain sealed indefinitely.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel represents that counsel for Plaintiff stated that Plaintiff does not oppose the relief sought herein.

Respectfully submitted,

/s/ *Jonathan L. Leitman.*
Jonathan L. Leitman., Esq.
*Admitted Pro Hac Vice*
jleitman@janmeyerlaw.com
Law Offices of Jan Meyer & Associates, P.C.
1029 Teaneck Road, 2nd Floor
Teaneck, New Jersey 07410
Telephone: (201) 212-9770

*Pro Hac Vice Counsel for Defendant*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on July 9, 2019 with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

      Rodal Law, P.A.
*Attorneys for Plaintiff*
5300 N.W. 33rd Ave., Suite 219
Ft. Lauderdale, Florida 33309
Telephone: (954) 367-5308

*/s/Yechezkel Rodal*
Yechezkel Rodal, Esq.
Florida Bar No. 91210
chezky@rodallaw.com